IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GRAHAM, | : | |
| | : | |
| *Plaintiff*, | : | Civil Action No.: 1:24-cv-207 |
| | : | |
| v. | : | |
| | : | |
| STRONGHOLD DIGITAL MINING SERVICES, LLC, | : | |
| | : | |
| *Defendant*. | : | |

## COMPLAINT

AND NOW, comes the Plaintiff, Michael Graham, by and through his undersigned counsel, Sean A. Casey, Esquire, and files the following Complaint:

### Nature of the Action

This is an action brought pursuant to the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §2601 *et seq*., the Americans with Disabilities Act Amendments Act (ADAAA), as amended, 42 U.S.C. §12101 *et seq.*, the Age Discrimination in Employment Act of 1967 (ADEA), as well as the Pennsylvania Human Relations Act (PHRA), 43 Pa. C.S.A. §19, *et seq.*, as well as for retaliation under the various statutes, wrongful termination, and the creation of a hostile work environment. The Plaintiff, Michael Graham, seeks declaratory, injunctive, and compensatory relief for the discriminatory conduct, retaliation, and the hostile work environment he endured, and for being terminated from his position by the Defendant in this matter.

**Parties**

1. Plaintiff, Michael Graham, is a male individual of approximately forty-two (42) years of age, with a current residence of 964 Halyday Run Road, Oil City, Pennsylvania, 16301.

2. At all times relevant hereto, the Plaintiff was a qualified individual, and otherwise possessed of all qualifications necessary to perform the essential functions of the job.

3. Defendant, Stronghold Digital Mining Services, LLC, is an employer within the meaning of the Act, headquartered in Pennsylvania, with a place of business at 2151 Lisbon Road, Kennerdell, Pennsylvania 16374.

4. Defendant is an employer with over fifty (50) employees and an employer within the meaning of the Act.

**Jurisdiction and Venue**

5. This Court has jurisdiction over this Complaint pursuant to the Americans with Disabilities Act Amendments Act, 42 U.S.C. §12101 *et seq.*, the Age Discrimination in Employment Act of 1967 (ADEA), the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.* (FMLA) and 28 U.S.C. §1331.

   A. Also, pursuant to 28 U.S.C. §1334 (3) and (4), which gives the district court's jurisdiction over actions to secure civil rights extended by the United States government.

   B. Also, pursuant to 28 U.S.C. §1367 giving the district court jurisdiction over state law claims.

6. Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b).

**Statement of Facts**

7. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

8. Mr. Michael Graham first began his employment with Stronghold Digital Mining Services, LLC, (hereinafter "Stronghold"), in February of 2022 as a data center technician.

9. Stronghold is headquartered in Pennsylvania with a place of business at 2151 Lisbon Road, Kennerdell, Pennsylvania 16374.

10. While working for the Defendant, Mr. Graham had a very favorable performance history prior to his work injury, with no formal reprimands.

11. Mr. Graham did not begin having problems with Stronghold until he was involved in a work injury that occurred on or about June 1, 2023.

12. On this date, he sustained injuries to his lower extremities, and in particular to his knee, for which he did seek medical attention.

13. As a result of said injuries, he was put on physical limitations in August of 2023 due to his inability to ambulate in certain areas, most notably with steps.

14. There became issues with regards to the Defendant honoring the Plaintiff's restrictions in September of 2023.

15. The Plaintiff notes in early October of 2023, he was sent home and then subsequently sent a job assignment that included steps, a violation of his restrictions.

16. When that was pointed out, he was subsequently called into a meeting and terminated.

17. He was offered a severance package indicating a separation date of October 15, 2023.

18. It remains the Claimant's position that his termination was in retaliation for submission of the work injury, as well as for discrimination under the ADA.

19. Further, comments were made to him repeatedly concerning him being, "the old man" in the facility, which would also indicate age discrimination (ADEA).

20. Plaintiff suffered a work injury with the Defendant, which injury required him to report the incident and pursue workers' compensation benefits for his medical treatment and disability.

21. Plaintiff initial met resistance in seeking these workers' compensation benefits, eventually receiving them after the medical unequivocally revealed his impairment to be due to said work injury.

22. The Claimant believes the actions of the Defendant were retaliatory for his pursuit of workers compensation benefits he was entitled to by Pennsylvania statute and seeks redress of his rights

23. A Charge was filed with the EEOC on or about April 6, 2024.

24. The Plaintiff received his Notices of Right to Sue on or about May 1, 2024. (Exhibit 1).

## COUNT I:  FAMILY AND MEDICAL LEAVE ACT

25. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

26. This matter is brought pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. 2601 *et. seq.*

27. Plaintiff, Michael Graham, was an employee of the Defendant, and entitled to leave pursuant to 29 CFR 825.112, which leave was authorized by the Defendant.

28. Plaintiff took intermittent medical leave related to his work injury from the date of his original injury through his termination.

29. Plaintiff was then terminated on October 15, 2023 with Defendant citing nothing other than an inability to accommodate his medical restrictions.

30. Plaintiff maintains that the employer violated the FMLA by terminating him while he was on protected medical leave.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## COUNT II: DISABILITY DISCRIMINATION - ADAAA & PHRA

31. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

32. The Defendant employer expressed discriminatory animus and committed discriminatory acts against the Plaintiff in violation of the Americans with Disabilities Act Amendment Act, as amended 42 U.S.C. §12010 et. seq.

33. The Plaintiff has been diagnosed with several medical conditions, related to a work injury, making him disabled within the meaning of the ADAAA, this definition would include regarding as or having a history of disability.

34. The Defendant was made aware of these disabilities, and a number of requested accommodations were made by the Plaintiff as a result of these disabilities.

35. The Defendant failed to engage in the interactive process, at first granting requested accommodations and then disallowing them and terminating the Plaintiff with little to no discussion about the requested accommodations.

36. The Defendant's actions were done with malice or reckless disregard of Plaintiff's federally protected rights.

37. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### **COUNT III: AGE DISCRIMINATION - ADEA & PHRA**

38. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

39. Plaintiff was forty-two (42) years-of-age when terminated by the Defendant.

40. Plaintiff avers that there were repeated comments by supervisors and other employees relating to his being one of the oldest employees at the facility, and mocking him for the same.

41. Plaintiff noted differences in the way he was treated, that that the younger employees were not being spoken to with the same level of disrespect and reprimanded for the same or similar performance issues.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## COUNT IV: RETALIATION - ADEA, ADAAA, FMLA, & PHRA

42. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

43. Plaintiff advised and discussed his medical conditions, requested accommodations and his need for leave, and rights to be free of discrimination on multiple occasions with the Defendant, which constituted protected activity under the ADAAA, ADEA, FMLA, and PHRA.

44. As a result, Plaintiff was harassed, humiliated, terminated, and discriminated against by the Defendant in retaliation for the disclosure of his medical conditions, and the assertion of his rights under the ADAAA and PHRA.

45. Under the FMLA and the ADAAA, a retaliatory action by an employer toward an employee for exercising their statutory rights is a violation of that statute and against public policy.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, reinstating him to the position he would have occupied but for the Defendant's discriminatory conduct, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## COUNT V: WRONGFUL TERMINATION

46. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

47. The Plaintiff suffered a work injury while in the employ of the Defendant on or about June 1, 2023.

48. The Plaintiff asserted his rights under the Pennsylvania Workers Compensation Act, and began receiving benefits under the Act.

49. The Plaintiff began receiving pushback from his employer regarding his receipt of workers' compensation benefits, and his request for accommodations in the workplace.

50. The Plaintiff was threatened with termination when he presented specific limitations given to him by the workers' compensation doctor.

51. Plaintiff maintains that this was an intentional and retaliatory act by the Defendant in response to the Plaintiff's assertion of his rights under the Pennsylvania Workers'

Compensation Statute, and in violation of public policy as established by the Pennsylvania Supreme Court in *Shick v. Shirey*, 716 A.2d 1231 (Pa. 1998).

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, reinstating him to the position he would have occupied but for the Defendant's discriminatory conduct, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## COUNT VI: HOSTILE WORK ENVIRONMENT

52. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

53. Plaintiff had reported discrimination to the Defendant, to various agents employed by the Defendant.

54. The Plaintiff experienced ongoing harassment in the workplace regarding his work injury, medical conditions, age, requested accommodations and complaints.

55. As described above, Defendant subjected the Plaintiff to a hostile work environment on the basis of his age and disability.

56. Plaintiff maintains that Defendant's acts are intentional and retaliatory, and created a hostile work environment in response to the Plaintiff's assertion of his rights under the ADEA, ADAAA, FMLA, and PHRA.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, reinstating him to the position he would have occupied but for the Defendant's discriminatory conduct, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

**A JURY TRIAL IS DEMANDED AS TO ALL ISSUES TRIABLE TO A JURY.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

A) Grant a permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere with the exercise of rights and/or discriminate in violation of the ADEA, FMLA, and ADAAA;

B) Order Defendant to institute and implement training programs, policies, and practices and programs designed to ensure the Defendant provides proper leave and does not retaliate and/or interfere with those who engage in statutorily protected activity;

C) Order Defendant to make whole Michael Graham, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, compensate him for

lost benefits, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practice;

D)      Order Defendant to pay Plaintiff compensatory damages in an amount to be determined at trial;

E)      Order Defendant to pay Plaintiff the reasonable attorney's fees and costs and other legal expenses incurred by the Plaintiff in this matter;

F)      Order Defendant to remove and expunge, or to cause to be removed or expunged, all negative, discriminatory, and/or defamatory memorandum or other documentation from the Plaintiff's record of employment; and

G)      Award the Plaintiff such other legal and equitable relief as the Court deems appropriate and just.

**A JURY TRIAL IS DEMANDED AS TO ALL ISSUES TRIABLE TO A JURY.**

Respectfully submitted

/s/ Sean A. Casey
Sean A. Casey
PA ID #79806

**SEAN A. CASEY, ATTORNEY AT LAW**
The Pickering Building
960 Penn Avenue, Ste. 1001
Pittsburgh, PA 15222
T: (412) 201-9090
F: (412) 281-8481
E: sean@caseylegal.com