IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GRAHAM, ) | |
| ) | Civil Action No. 1:24-207 |
| Plaintiff, ) | |
| v. ) | |
| ) | Judge Cathy Bissoon |
| STRONGHOLD DIGITAL MINING ) | |
| SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

Plaintiff's seven-count Amended Complaint (Doc. 9) asserts FMLA interference (Count I), ADA/PHRA disability discrimination (Count II), ADEA/PHRA age discrimination (Count III), ADA/ADEA/FMLA/PHRA retaliation (Count IV); wrongful termination (Count V); hostile work environment (Count VI), and tortious interference with contract (Count VII) claims against Defendant, Stronghold Digital Mining Services, LLC, arising out of his employment with Defendant and the October 2023 termination thereof.  Defendant has filed a Partial Motion to Dismiss the Amended Complaint (Doc. 11).  Specifically, Defendant seeks dismissal of the following causes of action for failure to state a claim:  (1) FMLA interference (Count I) and FMLA retaliation (Count IV in part); (2) age discrimination (Count III) and retaliation (Count IV in part); (3) hostile work environment (Count VI) and (4) all punitive and compensatory damages under the FMLA and ADEA, and punitive damages under the PHRA.[1]  For the reasons set forth below, Defendant's Motion to Dismiss will be granted in part and denied in part.

---

[1] For purposes of clarity, Defendant does not seek dismissal of the following claims: disability discrimination (Count II); disability-based retaliation (Count IV in part); wrongful termination

**A. Background**

Taking the Amended Complaint's allegations as true, Plaintiff, age 42, asserts that he began his employment with Defendant in February 2022 as a data technician. Plaintiff had no problems with his employment and enjoyed a favorable performance history prior to suffering a work-related injury on or about June 1, 2023. As a result of the injury, Plaintiff was placed on physical limitations due to an inability to ambulate in certain areas, including steps. In September 2023, issues arose in regard to Defendant's honoring Plaintiff's restrictions. Plaintiff further alleges that comments were made to him repeatedly concerning him being the "old man" in the facility. He also met resistance seeking workers' compensation benefits. In early October 2023, Plaintiff was sent home and then given a job assignment that involved steps, thus violating his restrictions. After pointing this violation out, he was called into a meeting, and his employment was terminated. The severance package he was offered indicated a separation date of October 15, 2023. *See* Am. Compl. ¶¶ 8-22.[2] Plaintiff asserts, and Defendant does not contest, that he exhausted his administrative remedies with the EEOC prior to filing this action. *See* id. ¶¶ 29-30 & Ex. 1.

---

(Count V) or tortious interference with contract (Count VII). The Court makes no ruling as to those claims, and they will proceed as pleaded.

[2] The Amended Complaint also notes that, in the Fall of 2023, Defendant brought in a company named Frontier Mining, LLC ("Frontier") to handle the management of personnel at the Kennerdell, Pennsylvania facility where Plaintiff worked. Although not directly relevant to this Motion, the pleading asserts that Defendant's employees took actions to ensure that Plaintiff would not remain employed at the facility once Frontier took over and that any claim that Stronghold terminated all of its employees at the time of the takeover is a farce. Plaintiff avers that, in reality, he was one of the very few employees who did not maintain employment at the facility. *See* Am. Compl. ¶¶ 23-27. Plaintiff contends that Defendant and Frontier are joint employers, and he has filed a separate Complaint against Frontier that currently is pending before this Court at Civil Action No. 1:25-48. Although Plaintiff has indicated an intent to move to consolidate these two cases, he has not yet done so. *See* id. ¶ 24 & n.1.

2

**B. Uncontested Arguments**

As an initial matter, Plaintiff concedes to the dismissal of the following claims: (1) FMLA interference (Count I); (2) age-related retaliation (Count IV in part); (3) compensatory and punitive damages under the FMLA and ADEA; and (4) punitive damages under the PHRA. *See* Pl. Br. Opp. (Doc. 14) at 8, 10, 12. Therefore, Defendant's Motion to Dismiss these claims will be granted as unopposed.

**C. Retaliation – FMLA (Count IV, in part)**

Defendant's sole remaining argument against the sufficiency of Plaintiff's FMLA retaliation claim is that the Amended Complaint fails to plausibly establish that Plaintiff is an "eligible employee" within the meaning of the Act. *See* Def. Br. Supp. (Doc. 12) at 5-6. To qualify as an "eligible employee" for FMLA purposes, the employee must: (1) be employed at least 12 months; (2) have worked at least 1,250 hours during the previous 12-month period; and (3) be employed at a worksite where 50 or more employees are employed within 75 miles of that worksite. *See* 29 C.F.R. § 825.110(a). Defendant contends that the Amended Complaint properly asserts only the first of these three elements, *i.e.,* that Plaintiff was employed for at least 12 months.

After careful review of the Amended Complaint, the Court disagrees with Defendant and finds that Plaintiff has sufficiently pleaded employee eligibility for purposes of Rule 12(b)(6). As set forth above, prong one – employment of at least one year – is undisputed. Additionally, contrary to Defendant's assertions, the Amended Complaint specifically alleges that "Defendant is an employer with over fifty (50) employees and an employer within the meaning of the Act." Am. Compl. ¶ 4; *see also* id. ¶ 70 (asserting that Plaintiff "was one of only two or three employees *out of over fifty employees*, who did not continue in their positions when Frontier took

3

over personnel management *at the facility*" (emphasis added)).  These allegations sufficiently satisfy prong three of the eligibility standard.  Finally, although the Amended Complaint does not recite verbatim that Plaintiff worked for 1,250 hours during the previous 12-month period, the Court finds that the pleading, taken as a whole and viewed in the light most favorable to Plaintiff, adequately establishes as much.  In addition to the already-cited factual allegations, the Amended Complaint avers, *inter alia*, that Plaintiff worked for over 16 months without incident prior to his alleged work-related injury, that he was entitled to leave under the Act and that Defendant authorized such leave.

Discovery ultimately will reveal whether Plaintiff worked the requisite number of hours or Defendant employed the necessary number of individuals within the applicable radius to render Plaintiff an "eligible employee" for FMLA purposes.  If, after discovery, the facts establish that Plaintiff indeed was exempt from FMLA benefits, then the Court will reconsider Defendant's arguments on a motion for summary judgment.  At this time, however, the Court declines to dissolve Plaintiff's FMLA claim absent a more fully developed record, and, therefore, Defendant's motion to dismiss the FMLA retaliation claim is denied.  *See* Merical v. Valor Healthcare, Inc., No. CIV.A. 12-1681, 2013 WL 5332145, at *2 (W.D. Pa. Sept. 23, 2013); Raymo v. Civitas Media LLC, No. 3:19-CV-01798, 2020 WL 4003646, at *6 (M.D. Pa. July 15, 2020).

**D.  Age Discrimination (Count III)**

To establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must show that: (1) he is at least forty, (2) he is qualified for the job, (3) he suffered an adverse employment action, and (4) he was replaced by (or passed over in favor of) someone else "who was sufficiently younger so as to support an inference of a discriminatory motive."  Martinez v.

4

UPMC Susquehanna, 986 F.3d 261, 266 (3d Cir. 2021); *see also* Fowler v. AT&T, Inc., 19 F.4th 292, 299 (3d Cir. 2021) (citing Willis v. UPMC Child.'s Hosp. of Pittsburgh, 808 F.3d 638, 644 (3d Cir. 2015)).  The elements of an age discrimination claim under the PHRA are analogous to those under the ADEA.  *See* Fasold v. Justice, 409 F.3d 178, 183–84 (3d Cir.2005).  To defeat a 12(b)(6) motion to dismiss, a pleading must allege sufficient facts to "raise a reasonable expectation that discovery will reveal evidence of [each] necessary element."  Martinez, 986 F. 3d at 266 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (alteration in original)).

Defendant correctly argues that Plaintiff's Amended Complaint fails to state a plausible claim for age discrimination under the applicable 12(b)(6) standards.  Other than pleading his age (42) at the time of his discharge, the sum total of Plaintiff's age discrimination allegations are as follows:

> 46. Plaintiff avers that there were repeated comments by supervisors and other employees relating to his being one of the oldest employees at the facility, and mocking him for the same.
>
> 47. Plaintiff noted differences in the way he was treated, that that the younger employees were not being spoken to with the same level of disrespect and reprimanded for the same or similar performance issues.

Amend. Compl. ¶¶ 45-47.  These vague and conclusory assertions, even if true, fail to suggest that Plaintiff could establish a *prima facie* case or otherwise show actionable discrimination because of his age.  Among other things, the allegations fail to identify who made the decision to terminate Plaintiff's employment, whether the decisionmaker(s) made any of the comments at issue, which younger employees were treated more favorably or if/how any of these "younger employees" were similarly-situated to him.  The Amended Complaint also fails to allege that age played a role in the termination decision.  Rather, it asserts elsewhere that the discharge was in

5

retaliation for Plaintiff's reporting a work injury.  Amend. Compl. ¶ 18.  Without more information, the Court can only speculate as to whether discovery would reveal evidence to support an age discrimination claim, and, thus, Plaintiff's allegations fall short of the plausibility standard.  *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

For these reasons, Defendant's motion to dismiss Plaintiff's age discrimination claim will be granted, without prejudice, and with leave to amend.[3]

### E.  Hostile Work Environment  (Count VI)

In order to establish an actionable hostile work environment claim, a plaintiff must plead facts plausibly demonstrating a discriminatory conduct that is "so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment."  Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 270 (2001); see also Betz v. Temple Health Sys., 659 F. App'x 137, 142 (3d Cir. 2016).  "Simple teasing, offhanded comments, and isolated incidents (unless extremely serious)" are not sufficiently extreme to amount to a change in the terms of conditions of employment and sustain a hostile work environment claim.  Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998).

Here, the Amended Complaint's allegations, even taken as true and viewed in the light most favorable to Plaintiff, fall woefully short of meeting this standard.  Indeed, the entirety of

---

[3] The Court recognizes Defendant's frustration with the amendment process to date, including Plaintiff's concession to dismissal of the counts set forth in Section I.B., *supra*.  *See* Def. Reply Br. (Doc. 15) at 1-2; Def. Br. Supp. at 3 (claiming also that the Amended Complaint merely added counts and failed to address the deficiencies raised in Defendant's first Motion to Dismiss).  Because not all of Plaintiff's claims are insufficient, and at least one challenged count survives the instant motion, the Court will not order sanctions at this time.  In light of the procedural history, however, Plaintiff shall have only one last, best chance to amend.  The Court expects that, prior to filing, Plaintiff will evaluate carefully whether the facts support the permitted amendments and cautions him that future disregard of federal pleading standards and/or court orders will not be met lightly.

the hostile work environment count consists of the prototypical formulaic and conclusory statements eschewed by Iqbal and Twombly. *See* Am. Compl. ¶ 61 ("The Plaintiff experienced ongoing harassment in the workplace regarding his work injury, medical conditions, age, requested accommodations and complaints."); id. ¶ 62 ("As described above, Defendant subjected the Plaintiff to a hostile work environment on the basis of his age and disability."); id. ¶ 63 ("Plaintiff maintains that Defendant's acts are intentional and retaliatory, and created a hostile work environment in response to the Plaintiff's assertion of his rights under the ADEA, ADAAA, FMLA and PHRA."); Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (same).

Viewing the Amended Complaint's allegations as a whole does not cure these infirmities. At most, the Amended Complaint asserts that Plaintiff had "issues" with Defendant honoring his stair-based restrictions and that unidentified employees and/or supervisors would comment on his age, referring to him as "the old man" in the facility. *See* Am. Compl. ¶¶ 13-15, 19, 46-47, 68-69. Even if true, nothing in these vague assertions sheds light on the severity or pervasiveness of the alleged conduct or otherwise establishes a plausible hostile work environment claim.

Accordingly, Defendant's motion to dismiss Plaintiff's hostile work environment claim will be granted, without prejudice, and with leave to amend.

## II. ORDER

For these reasons, Defendant's Partial Motion to Dismiss **(Doc. 11)** is **GRANTED IN PART** and **DENIED IN PART** as follows:

The Motion is **DENIED** as to the FMLA retaliation claim set forth in Count IV.

The Motion is **GRANTED WITH PREJUDICE** as to Count I (FMLA Interference); the age-based retaliation claim set forth in Count IV; all claims for compensatory and punitive damages under the FMLA and ADEA; and all claims for punitive damages under the PHRA.

The Motion is **GRANTED WITHOUT PREJUDICE** as to Count III (Age Discrimination) and Count VI (Hostile Work Environment).  Given that the deficiencies in Counts III and VI conceivably may be cured by amendment, Plaintiff hereby is granted leave to file a second amended complaint as to these two counts only on or before **July 11, 2025**.  Should Plaintiff choose to amend, he must be prepared to make last, best efforts to state viable claims, because additional leave will not be granted.  Finally, if amendment is not timely-filed, Plaintiff will be deemed to stand on his current pleadings, and the dismissal of Counts III and VI shall be converted to a dismissal with prejudice.

IT IS SO ORDERED.

June 26, 2025                                                                s/Cathy Bissoon
                                                                             Cathy Bissoon
                                                                             United States District Judge

cc (via ECF email notification):

All Counsel of Record